IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNION DE TRONQUISTAS DE PUERTO RICO, LOCAL 901, <br><br>    Plaintiff, <br><br>        v. <br><br> UNITED PARCEL SERVICE, INC., <br><br>    Defendant. | CIVIL NO. 14-1612 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

This case asks the Court to review an arbitration award rendered by the Bureau of Conciliation and Arbitration of the Puerto Rico Department of Labor. On July 23, 2014, Plaintiff Unión de Tronquistas de Puerto Rico, Local 901 (hereafter "Unión" or "Plaintiff") filed a "Request for Review of Award" before the Puerto Rico Court of First Instance (Exhibit A, Docket No. 1). On August 8, 2014, Defendant United Parcel Service ("UPS" or "Defendant") removed the case here, pursuant to 28 U.S.C. § 1441(a) and (b).

The issue revolves around a meeting which took place on May 23, 2013 between UPS management and Mr. Jorge López ("López"), a (now former) UPS employee, where the parties discussed López' alleged violation of the Collective Bargaining Agreement (hereafter the "CBA") that existed between the parties. As a result of that meeting, López was dismissed. Unión, representing López, took issue with this and began review of the case via UPS' internal procedures, alleging it was UPS who had failed to comply with the CBA by its

failure to correctly notify the charges against López, and urging López' reinstatement. Unión was unsuccessful in reversing the dismissal, and arbitrated the controversy.

The arbitrator found for UPS, holding that it had not violated the CBA, insofar as it had fully complied with the notice requirements of the CBA for the specific issue in this case, a dismissal. It further found that UPS had continuously used in the past the same dismissal letter it sent López (by sending the same letter to other UPS employees and by sending previous warning letters to López which contained the same language Unión now complained of) and Unión never had issues with the language before.

Dissatisfied with this ruling, Unión filed its petition to vacate the award, which UPS removed to this Court, and responded to it with a Motion for Summary Judgment. (Docket No. 8). Unión then filed an opposition thereto, and a Cross Motion for Summary Judgment (Docket No. 21), to which UPS filed a Reply and Opposition, respectively. (Docket Nos. 22 and 23). On April 16, 2015, Unión filed responses thereto (Docket No. 31). For the reasons explained below, the Court GRANTS UPS's Motion for Summary Judgment (Docket No. 8), and AFFIRMS the arbitration award.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." See, Fed. R. Civ. P. 56)(c). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). Once the moving party has satisfied this requirement, the nonmoving party has the burden of presenting any facts that demonstrate

a genuine issue for trial. Fed. R. Civ. P. 56(e); LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841(1st Cir. 1993).

Yet, the non-movant must do more than show "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986). An issue is genuine when, based on the evidence, a reasonable jury could return a verdict for the nonmoving party. See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Id. at 252, 106 S.Ct. at 2512.

**FINDINGS OF FACT**

At the outset, the Court notes that, although Unión's opposition to Defendant's motion included a "cross motion for summary judgment", it is procedurally non-compliant with the Local Rules because it failed to: (1) include a separate, short statement of uncontested facts; (2) cite to the applicable law for summary judgment purposes; and (3) provide any meaningful argumentation as to why summary judgement should be granted in Unión's favor. While the end result is the same whether the Court grants Plaintiff's original petition to vacate or its petition for summary dismissal, the Court will not grant remedies that have not been requested by the parties. It will therefore treat Plaintiff's motion at Docket no. 21 as an opposition to Defendant's motion for summary judgment, and nothing more.

1. UPS and Unión are parties to a collective bargaining agreement, that contains a mandatory grievance procedure to handle disputes that arise from

disciplinary actions against Unión members or any matter related to the interpretation of the agreement. D. Exhibit I, pp. 17-20; and D. Exhibit II, p. 3.

2. The grievant, Jorge López, worked for UPS. D. Exhibit II, p. 7; D. Exhibit III.

3. On May 22, 2013, López was terminated (effective that day) from his employment with UPS for violating Section 1(A), Article 15, of the CBA. According to UPS, on May 20, 2013, López incurred in conduct which constituted theft, larceny and/or falsification of company or customer documents. D. Exhibit I, p. 13; D. Exhibit II, p.9; D. Exhibit III.

4. Section 1(A), Article 15, of the CBA states that:

> ARTICLE 15 – DISCIPLINARY ACTION
>
> Section 1 – Summary Actions
>
> A. The employer shall not discharge nor suspend any employee without just cause, and prior to suspension shall give at least one verbal warning, one written warning notice, and one written final notice of the complaints against the employee to the employee, with a copy of the same to the Unión and Delegate. The above procedure must also have been followed prior to discharge. However, no verbal warning, written notice or suspension need to be given to any employee before he is discharged or suspended if, during the work day such employee is convicted of any felony as defined by the Penal Code of Puerto Rico or is involved in any of the following: [...] theft, larceny, or falsification of Company or costumer documents [...] No employee will be taken out of service prior to a review of this infraction with the Unión and the Division Manager or his designees in his absence." D. Exhibit I, p. 13.

Union De Tronquistas De Puerto Rico, Local 901 V. United Parcel Service, Inc.
Civil No. 14-1612 (CVR)
Opinion and Order
Page 5

5. UPS states that, the following excerpt of the above mentioned article, applies specifically to this case: "[…] no verbal warning, written notice or suspension need to be given to any employee before he is discharged or suspended, if during the work day such employee is convicted of any felony as defined by the Penal Code of Puerto Rico or is involved in any of the following: […] theft, larceny, or falsification of Company or customer documents […]" D. Exhibit I, page 13.

6. Likewise, Section 1(D) of Article 15, of the CBA reads: "[D]ischarge or suspension must be by proper written notice to the employee affected, to the Unión, and to the delegate." D. Exhibit I, page 13; D. Exhibit II, page 4.

7. For notifications of disciplinary actions, section 3(A) of Article 15 states that: "[a]ll disciplinary actions will be in writing to the employee with a copy to the Unión, delegates and to the General Delegate and will state the cause of the action, the date, and the offense which led to the disciplinary action". D Exhibit I, p. 14.

8. UPS notified López of his employment termination by means of a letter of May 23, 2013, that was sent to López, Unión's delegate (Luis Valderrama), and to Unión, through Alexis Fernández, and which stated:

> Dear Mr. López:
>
> A meeting was held at the San Juan Center office on Thursday, May 23, 2013. Present at this meeting were: Juan Zorrilla, San Juan Center Manager, Nemil Rivera, Supervisor, Luis Olivero,

>    Labor Relation Supervisor, Luis Valderrama, Delegate, and you.
>
>    The purpose of that meeting was to review your violation of the Article 15 of the Collective Bargaining Agreement, which took place on Monday, May 20, 2013.
>
>    Due to the above violation and in accordance with the Local Labor Agreement, your employment with UPS is terminated immediately, effective on Thursday, May 22, 2013. D. Exhibit III.

9. The letter was signed by José Oramas, Puerto Rico General Manager, and contained copies to the Employee File, to Luis Valderrama (Unión Delegate) and to Alexis Fernández (Local 901). López refused to sign the document. The document also contains the signatures of Witness Luis Valderrama, and Manager/supervisor Juan Zorrilla, dated May 23, 2013. Finally, it contains a handwritten note that indicates "*Once again the company has not specified as to the cause for the termination. Juan Zorrilla was asked about this but he would not give one." D. Exhibit III.

10. On July 2, 2013, Unión filed a grievance before the Bureau of Conciliation and Arbitration of the Puerto Rico Department of Labor and Human Resources, under the mandatory grievance procedure contained in the CBA, challenging López' termination. D. Exhibit IV.

11. Unión specifically claimed that López' termination was unjustified, and requested that López be indemnified with proper back pay, and that he be reinstated in his employment with UPS. D. Exhibit IV.

12. Unión checked a box in the complaint indicating that the parties had complied with the proper procedure prior to arbitration. D. Exhibit IV.

13. Unión did not include in the complaint any claim that López' termination was improperly notified in violation of the CBA, although they did indicate in the dismissal letter that UPS had not specified the cause for the termination. D. Exhibit IV.

14. The grievance was processed to arbitration in the case of United Parcel Service, Inc. and Unión de Tronquistas de Puerto Rico, Local 901, case no. A-14-3316.2 D, and the arbitration hearing was held on February 28, 2014. D. Exhibit II, page 1.

15. From the outset, and without trying the merits of the case, during the hearing Unión sought for López' dismissal to be summarily repealed. Unión alleged that UPS did not properly notify Unión and/or López and/or Unión's delegate of López' termination, pursuant to Article 15, Section 3(A) of the CBA. D. Exhibit II, pp. 8-9; D. Exhibit V, pp. 4-5 and 8-10.

16. Unión contended that UPS specifically failed to include in the notice the "cause" for López' termination. D. Exhibit V, pp. 8-10; D. Exhibit VI.

Union De Tronquistas De Puerto Rico, Local 901 V. United Parcel Service, Inc.
Civil No. 14-1612 (CVR)
Opinion and Order
Page 8

17. The parties were given the opportunity to submit memoranda in support of each of their respective positions regarding Unión's request. D. Exhibit V, pp. 12-13; D. Exhibit VII.

18. On June 30, 2014, the Arbitrator, Jorge L. Torres Plaza, issued an award, denying Unión's request, concluding that UPS' notice of López' termination was not in violation of the CBA. D. Exhibit II.

19. The Arbitrator held that Article 15, Section 3(A), of the CBA did not apply to López' termination notice, as his dismissal was done pursuant to Section 1(A) of the same article of the CBA, in which case the notices only have to comply with the requirements set forth in Section 1(D), instead of Section 3(A). D. Exhibit II, page 9.

20. The Arbitrator held that the parties' custom and past practice reinforced his conclusion, insofar as UPS had traditionally used the same format to notify the employees of their terminations pursuant to Article 15, and had been consistently accepted by Unión. D. Exhibit II, page 9; D. Exhibit VIII.

21. The Arbitrator also noted and considered two (2) specific cases in which the same language was used with López to notify him of prior disciplinary actions, and Unión did not argue those notices failed to comply with the CBA. D. Exhibit II, page 9; D. Exhibit VIII.

22. The Arbitrator ultimately held that UPS fully complied with all the requirements set forth in Section 1(D) of Article 15 of the CBA in its notice regarding López' termination. D. Exhibit II, pp. 9-10.

23. The Arbitrator also stated that, even assuming that Section 3(A) of Article 15 of the CBA applied to López' termination notice, UPS' notice still complied with all requirements, as it included the cause of the action, the date and the offense which led to the dismissal. D. Exhibit II, pages 9-10.

**STANDARD OF REVIEW FOR AN ARBITRATION AWARD**

It is well established that a federal court's review of an arbitrator's decision is extraordinarily deferential. See Keebler Co. v. Truck Drivers, Local 170, 247 F.3d 8, 10 (1st Cir. 2001); Wheelabrator Envirotech v. Massachusetts Laborers Dist. Council Local 1144, 88 F.3d 40, 43 (1st Cir. 1996); Service Employees Int'l Union v. Local 1199 N.E., 70 F.3d 647, 651 (1st Cir. 1995); Dorado Beach Hotel Corp. v. Unión de Trabajadores de la Industria Gastronómica de Puerto Rico, 811 F.Supp. 41, 44 (D.P.R. 1993). "Judicial review of an arbitration award is among the narrowest known in the law." Maine Cent. R.R. Co. v. Bhd. of Maintenance of Way Employees, 873 F.2d 425, 428 (1st Cir. 1989).

A court should uphold the arbitrator's interpretation of the CBA if, within the four corners of the CBA, there is any plausible basis for that interpretation. Wheelabrator, 88 F.3d at 44; Dorado Beach, 811 F.Supp. at 44. A court may not overrule an arbitrator's decision merely because its interpretation of the CBA is different from the arbitrator's. United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 599, 80 S.Ct. 1358, 1362 (1960); Boston Med. Ctr. v. Serv. Employees Int'l Union, 260 F.3d 16, 21 n.4 (1st Cir. 2001); Labor Relations Div. of Constr. Indus. v. Int'l Bhd. of Teamsters, 29 F.3d 742, 745 (1st Cir. 1994); Dorado Beach Hotel Corp. v. Unión de Trabajadores de la Industria Gastronómica de Puerto Rico, 959 F.2d 2, 4 (1st Cir. 1992). If the arbitrator is "even

arguably construing or applying the contract and acting within the scope of his authority," a court may not overturn the decision, even though the court may be convinced that the arbitrator committed a serious error. United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38, 108 S.Ct. 364, 371 (1987); Providence Journal v. Providence Newspaper Guild, 271 F.3d 16, 20 (1st Cir. 2001); Labor Relations, 29 F.3d at 745.

Furthermore, if the CBA's language, taken in context with the surrounding circumstances, is susceptible to different meanings, a reviewing court may not meddle in the arbitrator's choice between two permissible interpretations, because if a reviewing court had the final say on the merits of an arbitrator's award, the federal policy of settling labor disputes by arbitration would be undermined. United Steelworkers, 363 U.S. at 596, 80 S.Ct. at 1360; Posadas de Puerto Rico Assocs., Inc. v. Asociación de Empleados de Casino de Puerto Rico, 821 F.2d 60, 61 (1st Cir. 1987); Dorado Beach Hotel Corp., 811 F.Supp. at 44.

It is important to note that the arbitrator's role is to resolve disputes based on relevant evidence once parties to a dispute have had a full opportunity to present their cases, for the arbitrator is the judge of admissibility and relevancy of evidence submitted in arbitration proceedings. Then again, judicial deference to arbitration does not grant *carte blanche* approval to any decision of the arbitrator, but courts are precluded from interfering with arbitration awards for mere errors in assessing credibility of witnesses, and an arbitrator's resolution of credibility issues does not constitute grounds for vacating the arbitration award. Int'l Broth. of Firemen & Oilers, Local 261 v. Great Northern Paper Co., 765 F.2d 295 (1st Cir. 1985). Thus, in the absence of exceptional circumstances, a court may

not overturn an award based on the arbitrator's determination of relevancy or persuasiveness of evidence submitted by the parties. Hoteles Condado Beach, La Concha and Convention Center v. Unión de Tronquistas Local 901, 763 F.3d 24 (1st Cir. 1985).

Exceptions to the general rule that courts are not to review the merits of an arbitration award are rare. Challenger Caribbean Corp. v. Unión General de Trabajadores de Puerto Rico, 903 F.2d 857, 861 (1st Cir. 1990). Only in a few exceptional circumstances is a court entitled to vacate an arbitration award, and that is when the party challenging the award establishes that the award was " '(1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is conceitedly a non-fact.' " McCarthy v. Citigroup Global Markets, Inc., 463 F3d 87 (1st Cir. 2006) (overruled on a different point in Hall Street Assocs. LLC v. Mattel, Inc., 552 U.S. 576, 128 S.Ct. 1396 (2008)); New England Health Care Emp. Union v. R.I. Legal Serv., 273 F.3d 425, 427 (1st Cir. 2001) (*quoting* Teamsters Local Union No. 42 v. Supervalu, 212 F.3d 59, 66 (1st Cir. 2000)); Wheelabrator, 88 F.3d at 43–44.

**LEGAL ANALYSIS**

Defendant UPS moves the Court to grant summary judgment in its favor and for affirmance of the arbitration award. UPS argues that the Arbitrator's reading of the clauses in question were reasonable and commonsensical, and further, that his interpretation of the CBA is reinforced by the parties' custom and past practice, which was validated by the evidence before the Arbitrator. Since Unión failed to establish that there was no plausible basis for that interpretation, the award must be affirmed.

Case 3:14-cv-01612-CVR   Document 32   Filed 04/17/15   Page 12 of 16

Union De Tronquistas De Puerto Rico, Local 901 V. United Parcel Service, Inc.
Civil No. 14-1612 (CVR)
Opinion and Order
Page 12

Plaintiff Unión urges the Court to vacate the award, alleging the discharge letter issued by UPS did not comply with the provisions of the CBA which require written notice of the cause for the termination. Plaintiff further alleges the Arbitrator erred in his interpretation of the contractual terms and applied the wrong section of the CBA to this case, and that this ultimately (and incorrectly) caused him to render UPS' actions correct. They also aver that UPS committed misconduct by giving the Arbitrator documents *ex parte*. Because of these errors, Plaintiffs argue the award must be vacated.

However, as previously mentioned, an arbitrator's findings of fact are virtually unappealable, and a court may not overrule an arbitrator's decision merely because its interpretation of the CBA is different from the arbitrator's. This would seem to be Plaintiff wants the Court to do. With this standard in mind, the Court cannot agree with Plaintiff, and finds that the Arbitrator's determination in regard to the instant issue should not be disturbed.

The issue presented here turns on which of the two sections of Article 15 applies to the facts. While sections 1(A) and (D) explicitly refer to notifications for discharges and suspensions, section 3(A) alludes to notifications merely for "disciplinary actions." Each has a similar, but slightly different notification procedure.

The Arbitrator ruled that the notice article that applied to the case at bar was 1(A), since the conduct complained of was a summary action, termination; this, because it involved theft, larceny, or falsification of company or customer documents. The section also indicates that the employee cannot be discharged without a "review of the infraction" with management and his union representative. Notice requirements for this particular section,

1(D) simply state that written notice to the employee, the union and the union delegate must be tendered.

Section 3, however, applies to disciplinary actions in general, and not to dismissals. It states that all disciplinary action will be in writing, to the employee with a copy to the union, union delegates and union general delegate, and must state the cause of action, the date and the offense which led to the disciplinary action.

The Court cannot find that the Arbitrator's reading of the clauses in question was unreasonable. Given the fact that the instant case deals precisely with López' discharge, it was entirely plausible for the Arbitrator to determine that the notice requirements in section 1(D) applied here. The clear language used in the CBA aids his conclusion in this regard. And, in analyzing UPS' actions pursuant to that section the Arbitrator found that all conditions were met: a meeting was held between the employee, his union representative, and management and written notices to him, the union and his union delegate were also sent.

Under well established standards of review of arbitration awards, a federal court may not overrule an arbitrator's decision simply because the court believes its own interpretation of the contract "would be a better one." W.R. Grace & Co. v. Local Unión,759, 461 U.S. 757, 764, 103 S.Ct. 2177, 2182 (1983) (*citing* United Steelworkers, 363 U.S. at 596, 80 S.Ct. at 1360). Therefore, the Arbitrator's reasonable interpretation of the clause cannot be disturbed.

Even if the Court were to accept Unión's argument as to the applicability of section 3(A), the Arbitrator also concluded that the notice provided by UPS herein complied with

such requirement. The notice contained the date on which López incurred in the offense, the offense, the date on which the disciplinary action was effective, and the ultimate action undertaken, the dismissal. The letter was sent to López (the employee), the union's delegate (Luis Valdrrama), and to the union, by means of its Secretary-Treasurer (Alexis Rodríguez). While the language of the CBA could have been clearer, the Court cannot find that this is an unreasonable reading of the clause in question. UPS's letter has all the language to give fair notice of the charges, plus, the Court notes that this letter was sent after a meeting was held where the parties undoubtedly discussed all the reasons to justify the dismissal.

Regarding the second point, that the Arbitrator was supplied *ex parte* information, the Court finds the issue to be irrelevant. In support of its position, UPS submitted twenty-two termination letters which contained the exact language Unión complains of now, and posit that the use of this exact language was custom and usage between the parties.

Firstly, the Court cannot determine whether the documents were in fact supplied to the Arbitrator as part of UPS' brief, as they were not appended to the copy of the brief filed before the Arbitrator that was filed here. It appears they were, however, because the Arbitrator explicitly notes in his award that "the Company has used the same format of dismissal letter during the contractual negotiations with the Unión and a situation like this has never arisen". See Docket No. 8, Exhibit II, p. 9.

Secondly, discussions were also held during the hearing as to the fact that the language in question has been utilized by UPS in its dismissal letters since 1985, and had never before been contested by Unión. See Docket No. 8, Exhibit II at pp. at 7, 12.

Union De Tronquistas De Puerto Rico, Local 901 V. United Parcel Service, Inc.
Civil No. 14-1612 (CVR)
Opinion and Order
Page 15

Therefore, Unión cannot argue now they were somehow deprived of a fair hearing when this very issue was discussed by the parties during the arbitration proceedings.

Yet, even without considering the other letters, it is an uncontested fact that the Arbitrator noted and considered two (2) specific cases in which the same language Unión now complains of was used with López to notify him of prior disciplinary actions under section 3(A), the section Unión alleges should apply here. Unión never before complained that those notices failed to comply with the CBA.

Therefore, even without considering the other notices, the Arbitrator found evidence of a custom and past practice between the parties that further bolstered his reading of the clauses in question, and which has been held to be an important factor in the arbitration process. See United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 581–82, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960)("The labor arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law-the practices of the industry and the shop-is equally a part of the collective bargaining agreement although not expressed in it") and McKinney v. Emery Air Freight Corp., 954 F.2d 590(9th Cir. 1992) ("[u]nquestionably, custom and past practice constitute one of the most significant factors in labor-management arbitration").

The Arbitrator's conclusions must therefore stand, as this Court finds the arbitrator's interpretation falls squarely "within the four corners of the agreement". See El Dorado Technical Services, Inc. v. Unión General de Trabajadores, 961 F.2d 317, 319 (1st Cir. 1992). ("A court should uphold an award that depends on an arbitrator's interpretation of a collective bargaining agreement if it can find, within the four corners of the agreement, any

plausible basis for that interpretation."). That plausible basis is present here, and Unión is hard pressed to argue otherwise.

Furthermore, the Court finds that it cannot intervene with the arbitration award because Unión has failed to establish that the award was (1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is conceitedly a non-fact. McCarthy, 463 F3d at 87.

Therefore, the Court GRANTS the "Motion for Summary Judgment" filed by UPS and AFFIRMS the arbitration award.

## CONCLUSION

In view of the foregoing, Defendant UPS's "Motion for Summary Judgment" (Docket No. 8) is GRANTED, the arbitration award is AFFIRMED and the instant case is DISMISSED WITH PREJUDICE.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 17th day of April, 2015.

      S/CAMILLE L. VELEZ-RIVE
      CAMILLE L. VELEZ RIVE
      UNITED STATES MAGISTRATE JUDGE